Our next case of the morning is case number 118151, People of the State of Illinois v. Dennis Thompson. Are you ready to proceed? Good morning, your honors. May it please the court, counsel. Tom Gonzalez from the State Appellate Defender's Office for the appellant Dennis Thompson. The appellate court in this case erred in holding that it lacked jurisdiction to consider the merits of Dennis' constitutional challenge to his mandatory life sentence simply because it was raised for the first time on appeal. Dennis' substantive claim that the appellate court refused to even consider is that the statute under which he was sentenced was unconstitutional as applied to him because it precluded the court from considering any mitigating factors related to his youth at the time of the offense. Dennis acknowledges that he was 19 years old at the time of the offense. However, Dennis' claim is based on the underpinnings of the evolving science relied upon in Miller, which recognized that relevant parts of the brain that govern impulsivity, judgment, and foresight of consequences does not cease to mature or fully develop until the mid-20s. In the past decade, the United States Supreme Court in Roper, Graham, and Miller relied on this evolving science to create a tremendous amount of reform in the harshest sentencing laws for juveniles. Each case emphasized the psychological and cognitive characteristics that distinguish adults from youth. Each case built upon each other to ultimately recognize the importance of providing sentencing courts with discretionary power to individually assess offenders based on the inherent differences between youths and adults. It basically stands for the fact that youth does matter in meeting out the law's most serious punishments. While Miller drew the line at 18 for defining the term juvenile, the evolving science relied upon to support the changes in the law should apply with equal force here, given the conclusion that 19-year-olds are functionally no different than, for example, 17-year-olds in terms of cognitive and psychological characteristics. Thus, the individualized assessment outlined in Miller should indeed apply to dentists. In fact, this court recently acknowledged in Moseley this very science and the fact that modern science supports what it deemed the common-sense notion that 18- to 20-year-olds lack the maturity and self-control of older people, albeit in the context of upholding age This is an as-applied challenge, isn't that right? It is. And it's your position that you don't have to show the judgment's void, you just have to allege that the judgment's void? That's part of it, yes. And does the fact that it might be voidable impact the outcome here? Well, it certainly doesn't affect jurisdiction. It doesn't pertain, neither that nor waiver or forfeiture pertain to jurisdiction. We rely on the constitutional challenge itself and the fact that dentists does present a valid constitutional claim to support voidness. This court has held over the years that constitutional challenges can be raised any time. It characterized them as proper voidness challenges. So that's what our argument's predicated on. Getting back to Moseley for a second, and I think it's important to recognize this kind of disconnect between the notion that juveniles, this kind of hard line that the sentencing consideration should only apply to 18 and not, for example, a 19-year-old like Dennis here. The federal case law has defined those under 18 basically in order to define a class against whom mandatory life sentences are always constitutional. But as the science of Miller also makes clear, those who have not yet reached maturity beyond their mid-20s share the same intended circumstances or characteristics of youth and a lesser degree of culpability as those under 18. And it's also recognized in other areas of the law, for example, the Transfer to Minors Act, consumption of alcohol that define adults as those over 21. The direction from the court in Roper, Graham, and Miller, that sentencing court should consider immaturity in youth should mean more than just considering chronological age to mandate the harshest penalties like the one imposed here. While these cases address offenders under 18, Dennis's sentence here offends those same principles. Because Dennis did have a valid claim that his mandatory life sentence without parole was unconstitutionally applied to him, the appellate court erred in holding that it lacked jurisdiction to even consider the merits. And Bryant, McCarthy, and Brown are the Illinois Supreme Court cases that recognize that constitutional challenges can be raised at any time. And it's not just limited to facial constitutionality or challenges based on avoid ab initio and for good reason. I mean, the injustice is the same regardless. You still have a defendant facing an unconstitutional sentence. In fact, appellate courts that have considered the distinction that the state tries to make here between as applied and facial have flatly rejected that distinction. Cleary, Emmett, and Luciano have addressed that very argument. And those cases correctly recognize the distinction between as applied and facial constitutional challenges are of no moment. Either way, the challenge could be raised at any time and it makes sense. It doesn't make sense to draw a line and say, okay, you can only raise a constitutional challenge as void or facial but not an applied one. Again, the defendant is still in the same position. It's a constitutional challenge. It's a constitutional sentence. So this court should follow Luciano because it is most consistent with Bryant and McCarthy and Brown as it pertains to waiver in the context of constitutional challenge. Waiver simply does not and should not turn on whether a constitutional challenge involves a facial challenge or as an applied challenge. And the state cites no authority to the contrary. In Davis, this court addressed the substance of defendant's constitutional claim based on Miller despite the fact that the issue was raised for the first time on appeal from the dismissal of a PC. Very similar to what happened here. The court upheld the appellate court's decision to remand for resentencing notwithstanding the facial validity of the statute. Here, Dennis' claim, which is based on the underpinnings of the science relied upon in Miller, arose after this case was already on collateral appeal. So contrary to the state's claim otherwise, Dennis could not have raised this issue any sooner than he did because Miller was the case that made the announcement that basically validated the science. And its holding came out in 2012, about a month after Dennis' petition was denied. So this is really the first opportunity that Dennis has had to raise this issue. The appellate court's decision and the state's argument in its brief equates the question of whether Dennis' claim should be considered at all with the question of whether he'll ultimately prevail on the merits. But Dennis admits that's putting the proverbial cart before the horse. Appellate court jurisdiction here does not turn on waiver or the ultimate merits of Dennis' constitutional argument. If that were the case, the appellate court would have no authority or be able to exercise the authority conferred by law to review or correct any erroneous decision. And Bailey has held that much, a 2004 case from this court. In Jones, this court also recognized its holding in De La Paz that waiver doesn't pertain to jurisdiction. In the context of two 1401 petitions, this court has recognized in the satirical question, Justice Garman, that it's really the nature of the claim that's being raised. It's not the ultimate merits. That's for a later time. Here, there was simply no jurisdictional bar to preclude the appellate court from addressing the merits of Dennis' constitutional claim. Even if the appellate court had exercised this jurisdiction as the state claims it did, the state concedes on page 29 of its brief that the appellate court refused to address the substance of the issue. And simply because it was raised for the first time on appeal. Which again, Miller didn't come out until after it was already dismissed. So this is Dennis' point. The fact that it was raised for the first time on appeal was not a justification for refusing to even consider the merits of his constitutional challenge. Unless this court has any questions or any further questions? It doesn't appear so. Okay, I would just sum up by again reiterating that because Dennis does present a valid constitutional claim that the principles and science of Miller should apply to preclude mandatory natural life sentencing without considering his background and the hallmark features of youth that the appellate court erred by refusing to even consider the merits. And we ask that the appellate court's decision be reversed and that the appellate court be directed to consider the merits of his argument or of his constitutional challenge. Thank you. Good morning, Chief Justice, honorable members of this court. I'm Annette Collins, an Assistant State's Attorney from Cook County, representing the people of the state of Illinois. The appellate court below analyzed this case properly and reached the right result. It recognized the significant and relevant dispositive fact that the defendant had never pled an Eighth Amendment claim ever in his 2-1401 petition. This case doesn't necessarily hinge on Miller alone. The salient fact that the defendant never even presented an Eighth Amendment challenge is what caused the appellate court to, one, question whether or not the defendant was even alleging a void judgment, which he wasn't because he was not facially attacking the statute. Having Adolfo Davis declare the statute facially unconstitutional, he could not. And, second, the defendant was not alleging a lack of jurisdiction or a void judgment on that ground. So the appellate court in this case correctly recognized the foundational analysis in the Lee and Tremaine Jones opinions that prevented it from addressing, for the first time, an issue never raised previously in the collateral attack in this case. Defendant doesn't really dispute the key analytical points in this case. In fact, he concedes them. The circuit court had jurisdiction to enter the sentence. The sentence is not entered pursuant to a facially invalid statute and, therefore, is not void ab initio. And, in fact, there's not even any ARNA principles at play here because the sentence was authorized by statute. Defendant, nonetheless, still characterizes his sentence as void, claiming that simply because he raises an as-appellate judgment on the statute, there is no void. He also claims that this court has empowered him to, at any time, raise any as-applied challenge to a sentence, and that is not correct. The cases that he cites in support, McCarty, Brown, and I believe the other case is Bryant, each of these cases, Your Honors, involve facial attacks to the statute. That's why this court, in those cases, said that those challenges could be brought for the first time on appeal. It is without question, nobody is disputing that a facial challenge to a statute can be brought at any time. Can I just probe a little bit on that? Why do you say that? We start with the premise that void, we think that means that the court is without jurisdiction. Right. Without jurisdiction to enter the judgment at hand, right? Correct. How does that fit with the idea of challenging a statute as being unconstitutional? Certainly the court has jurisdiction to make that determination or not. The challenge of the sentence on facial grounds is not necessarily a subspecies of the void jurisdictional argument. The reason that I believe this court has recognized facial challenges for the first time is not just because of the significance, but because of the fact that if a statute is declared facially invalid, it is void in all its applications. Void ab initio. It is unenforceable in all its applications. So therefore, when a defendant raises that challenge on appeal, it's as if the statute never existed as applied to him or as applied to anybody. Or that the trial court, going back to the idea of jurisdiction, are you saying that if a statute is void ab initio and the court, in fact, relies on that statute, the court is without authority? Without jurisdiction? No. It doesn't really delve into the court's jurisdiction. The court's jurisdiction is conferred via the constitutional clause and is not in any way impacted by a legislative enactment, whether that enactment is constitutional or not. The void ab initio doctrine is something of a parallel line. It doesn't crisscross into the jurisdictional voidness line. And I would suggest that perhaps in allowing defendants to raise facial challenges for the first time on appeal, that's a recognition of how significant a facial challenge is. And if, indeed, a statute is void ab initio, then the liability with that statute is potentially affected by it. So allowing an individual defendant to raise it for the first time on appeal is something that gives weight to that significance, Justice Tice. The other significant part about why a facial challenge is different than an as-applied challenge is because it involves a purely legal issue. By contrast, as-applied challenges typically involve fact-finding. And, in fact, this case is the perfect illustration. Defendant has never raised an Eighth Amendment challenge. We do not know his specific circumstances with regard to his maturity, his level of susceptibility to peer pressure, his developmental problems, delays. We don't know his specific character as it pertains to his age. But Bennett wants to use his age as the entire basis for saying the statute is unconstitutional as applied to my circumstances. But in doing so, he doesn't show his circumstances. We know nothing about his individual maturity. Instead, because we haven't had this issue ever litigated below, this defendant tries to shift the line in Miller. Miller placed the categorical line at under 18 based on the exact same science the defendant is now trying to shift it up. Almost, according to the defendant now, into the mid-20s. But he's offered nothing to this court that wasn't already offered to the U.S. Supreme Court in Graham, in Roper, and again in Miller. So defendant's attempt to shift this categorical line has no support in this record. And it certainly is not support for the U.S. Supreme Court. It certainly is not support for the U.S. Supreme Court. But it certainly is not support for an as-applied challenge. Because as-applied challenges, as I said, are typically fact-based. If defendant wants to raise an as-applied challenge, he needs to litigate the claim in the appropriate forum, which is not an appellate court. Because very clearly the appellate court is not a fact-finding court. But that's what defendant is asking today. He wants to force the appellate court to address an as-applied challenge that was never raised below that potentially should be raised in the circuit court where, if necessary, the opposing party, the state, could present evidence that defendant is a mature individual. The other thing about defendant's argument vis-a-vis his age and circumstances is he wants to take advantage of just the general hypothetical 19-year-old without regard to the manner in which he committed his case. The manner in which defendant committed his crime in this case was nothing short of calculating and planned out. It could not be characterized as impulsive in any regard. Before defendant even went to his father's house, he brought his gun and he told his cousin that he was going to his girlfriend's house, thereby potentially setting up an alibi and not letting anyone know where he was going. Once there, he shot the only other witness to the crime, shooting her three times for all intents and purposes, ensuring that she had died. Unfortunately for defendant, she lived long enough to identify him. So after he committed the crime, he discarded his weapon, went back to his aunt's house, and there didn't say anything about what he had just done. It was only until he had received a call from his grandmother alerting him to the fact that police were looking for him that he told his aunt what he had done. And then he went back to his aunt's house and then surrendered to police when they arrived outside the aunt's home. The other problem with defendant's argument in this case, aside from the fact that he shouldn't be allowed to raise an as-applied challenge for the first time on appeal, is that he shouldn't be able to raise any constitutional challenge short of a facial challenge for the first time on appeal because of this court's very clear analysis in the context of a 2-1401 petition. Those cases rightfully restricted post-conviction petitioners from raising new constitutional claims before the appellate court. Finding that the appellate court was not a repository for those claims, and those claims had to be first pled in the post-conviction petition. Because the appellate court reviews the sufficiency of the petition, will the same conviction be said about a 2-1401 petition? The appellate court reviews the sufficiency of that petition. And that's the whole point here, is that this defendant, since he didn't include it in his 2-1401, the appellate court can't really review the circuit court's dismissal of this 2-1401 on the ground he now advances in the appellate court. And that's the whole point of this case. Defendant says that Adolfo Davis, this court, addressed the issue for the first time on appeal. That is a misrepresentation of that case. In Adolfo Davis, that collaterally attacking juvenile defendant raised an Eighth Amendment challenge in his successive post-conviction petition. He didn't cite Miller because Miller had yet to be decided. But the key there is there was an Eighth Amendment challenge that was raised in the circuit court. Miller is not a stand-alone constitutional issue. It's not a stand-alone constitutional provision. It relates directly to an Eighth Amendment claim, which the defendant has never raised here. And hearkening to Justice Garmon's, one of her first questions, defendants point that this court's decisions in Harvey and Sarkeesian allow a defendant to make a judgment and that alone is sufficient whether the judgment is actually void or not. That is not what this court said in those decisions. And this court's recent cases, in particular L.V. Envy, shows that that is not the case. Defendant resorts to his claim that a defendant operating under a facially invalid sentence suffers just the same injustice as a defendant operating under an as-applied sentence. And he makes this case about justice or injustice. And that's not really the point here. No one is suggesting that defendant is without an appropriate forum to litigate his alleged as-applied constitutional Eighth Amendment challenge. He just can't litigate it for the first time in the appellate court. The proper venue to litigate that claim is in a successive post-conviction petition. He's already filed three or four. In another 2-1401 petition that he can file before the court. If he so chooses, he can cite Miller potentially as an excuse for due diligence, lack of culpable negligence cause. But the point is that the circuit court is the forum where this issue has to be presented first. Just so I'm clear though, I was following you up until then. Are you saying that this as-applied challenge could be raised in a 2-1401 if it was filed in the trial court? I'm not conceding that it's an appropriate vehicle. Constitutional claims should be raised in post-conviction petitions. I'm just saying defendant is a serial filer who's filed multiple collateral attacks. He's a serial filer. But he should be brought forth for trial and post-conviction. Whichever attack he chooses, this Eighth Amendment challenge has to start first in the circuit court. Whichever one is appropriate, it would be his choice, Your Honor. But my question is about 2-1401 specifically. This is ten years after the judgment, whatever it is. We understand that the statute says you can only bring this within two years of the final judgment. And we have recognized the exception when there is a position. Could he raise this claim in a 2-1401 two years beyond the conviction? If he can allege that the issuance of Miller excuses his lack of culpable negligence or actually shows due diligence, I couldn't have raised this claim before. That would potentially allow him to bypass the timing requirement. That's all I'm saying, Your Honor. I'm not suggesting that this judgment is avoid judgment or an excuse for the due diligence requirement. It's not avoid judgment under any construction. An as-applied challenge is not the equivalent of avoid judgment. So the Smith v. Air Room, diligence, meritorious claim, those kind of ideas, is that what you're saying? You could bring that? That's all I'm suggesting, Your Honor. And I'm not here to actually suggest claims for the defendant, obviously. But what I'm saying is that if a defendant wishes to litigate an Eighth Amendment challenge to a sentence as applied, it has to start in the circuit court. And actually the more appropriate method of doing so would be a post-conviction petition because that is perfectly orchestrated to address constitutional claims. Defendant's attempts here, if successful, will fundamentally alter the court's settled jurisprudence to not just as-applied challenges, but 2-1401 petitions as well. Simply to accommodate his failure to bring it below. When he could have pled an Eighth Amendment claim based on Roper and Miller, Adolfo Davis did that prior to the issuance of the Miller decision. And defendant's arguments, if successful, will fundamentally alter the court's judgment. If we take them to their logical conclusion and at face value, what that means is a 2-1401 criminal defendant can allege that his judgment is void, irrespective of the actual voidness of the claim. He automatically gets a pass as a result for the passage of time. The circuit court has to consider it, can't dismiss it on timing grounds. And according to defendant, even when the defendant dismisses it, if he appeals, his lawyer can raise any and all claims then in the appellate court. Even claims that require fact-finding, like as-applied challenges. It can't possibly be appropriate for these defendants in 2-1401 to expand to that degree. It would wreak havoc with finality of judgment. It would expand the category of claims that should be narrowly limited to those issues that can be first raised on appeal. It undercuts, defendant's position undercuts the Tremaine Jones and Lee Jones settled decisions which have equal force with respect to 2-1401 petitions. And frankly, it would encourage defendants to file 2-1401 petitions rather than the more appropriately suited post-conviction petitions and meet the burdens prescribed by the Tremaine Jones. And unfortunately, it would invite, the worst of all, it would invite or compel for that matter, appellate courts to engage in fact-finding for the first time on appeal. For these reasons, your honors, and those expressed in our brief, we would ask that this court affirm the judgment of the appellate court. Thank you. Much of counsel's argument is again, it goes towards, it's putting the cart before the horse. Much of it doesn't really address the idea that the appellate court has no jurisdiction to even consider the merits of this. We're not asking the appellate court to engage in any fact-finding. Counsel just conceded that potentially, in any event, it sounds like a concession that this can be raised either in a PC or 2-1401, regardless of which one is better suited, I guess. But the idea is that he could still raise this. And so it doesn't make sense. Why wouldn't the appellate court just address it? We're not asking, our argument isn't centered on the ultimate merit. It's just simply whether or not the appellate court should even consider it. I mean, the appellate court, depending on what the appellate court says, later on down the line, I guess one anticipation might be, well, what the appellate court should do is find that Miller should be, that the science relied upon in Miller is equally, or should apply with equal force to someone who's 19 who's within this disconnect between the evolving science and the trilogy of cases over the past decade. And then perhaps remand it to the circuit court for them to consider and engage in the fact-finding based on evidence that might be presented based on the circumstances that go beyond just the crime itself. Okay, Thompson's circumstances. Are you suggesting that the appellate court then would engage in fact-finding? No, no, no, no. My argument isn't based on that. What I'm saying is, depending on what, I guess I don't want to get too far ahead. The argument is just centered on the idea that this constitutional challenge, whether you call it as applied or facial, Bryant and Bryant and Brown, those cases, yeah, they addressed constitutional or facial challenges and talked about void ab initio, but it didn't limit it. It wasn't limited to, or it didn't preclude, it didn't just limit it to facial challenges. And the appellate courts that have considered this question have correctly rejected that distinction. I mean, they basically said a constitutional challenge is a voidness challenge. So the civil cases that the state relies on regarding voidness in other contexts, I mean, that all centers on whether or not the legislature can define jurisdiction, whether or not a court can either exceed or misapply some statutory provision, and this idea that the Constitution can only confer jurisdiction. I mean, our argument here isn't, none of that pertains to what we're arguing here. And similarly, Tremaine Jones and Lee Jones, okay, this idea that, well, those cases say you can't raise new claims on appeal from dismissal of a PC, but the claims that were raised there relatedly, they weren't of constitutional dimension. One involved the six or five admonitions. It had nothing to do with raising a constitutional challenge. And whether or not it's called an Eighth Amendment challenge or Miller, I mean, this is an Eighth Amendment challenge. It's an Eighth Amendment challenge that really wasn't even thought about. Miller is what validated all of the science that this trilogy of cases relied on. So it doesn't make sense to say, well, let's go back and redo this and let's allow them to replead. Why not just, why can't the appellate court just consider the substantive merits and go from there? Why require Dennis to go back and file another petition when the appellate court says, well, there's been no fact-finding, right? No, but address the question as to whether or not Dennis, or that could avail himself of Miller, whether or not there's a constitutional claim, whether or not the science, the underpinnings of that should even apply to a 19-year-old. So I'm trying to understand, what should the appellate court have done here? Decide the Miller issue or said, well, you may have something there. We're going to send it back to the trial court and let you raise it there. Is that, I'm just trying to understand, according to your theory, where the appellate court went wrong. Well, again, the appellate court went wrong by holding that he didn't have jurisdiction to even consider the merits of the issue simply because he didn't raise it before. I mean, courts consider arguments all the time in the context of ineffective assistance that weren't raised in a petition. I mean, there's all kinds of reasons why that could be. But in the context of this case, not only could he not raise it before, it is a, we submit it's a valid constitutional claim. It's a claim that the appellate court should have at least considered and not put the cart before the horse and not dismiss it or refuse to consider it just on the grounds that it wasn't raised before. He couldn't have raised it before. So I guess what we're asking is that the appellate court consider it, that the appellate court address the merits. And I guess if your question is, well, what do we do beyond that? Well, then, yeah, kind of the second part of what you said, to go back and remand it to the circuit court and then allow the parties, and Dennis in particular, to submit whatever evidence he may have that's appropriate to this question of his maturity. His impulsivity, things of that nature. I know that, and counsel points to all of this, you know, the underlying crime and some of the circumstances behind that. Okay? But again, there's signs that that goes to many parts of that question as to, I cite in the brief at length, you know, some of his background, some of his social background. But anyway, all of this, this is stuff that could be delved into and I guess expanded at the circuit court level without having to start over again. Without having to file another 214-01, which counsel concedes can be filed. So... So your hope would be that the appellate court expands upon the Supreme Court to cut it off with juveniles? Could you repeat your question? You said the appellate court should have addressed the issue. Yes. And then in response to Chief Justice Garmon's question, you said that might involve fact-finding to see whether this particular defendant, you know, had the issue that was raised in the scientific literature you presented. So would the appellate court be saying we're going to extend Miller past juveniles based on the scientific... I'm trying to find out what you wanted the appellate court to say. Yeah, I think we do want that to some degree. I think we do rely on the disconnect. We do, that those cases stand for the proposition that, and granted that they involve, that the litigants in those cases were juveniles, they were, you know, under 18, but the central holding is that age alone is not enough. It's not enough to be a juvenile. It's not enough to be a juvenile alone, that there's things that go to maturity and culpability and rehabilitation, and that should not be limited to just chronological age, as if chronological age is a be-all, end-all. So I guess we are asking for an expansion, that this recognition that the law should catch up with the science, that there should be more of a meeting there and less of a disconnect, and that because the science does support this idea that for all practical purposes, 19-year-olds are really, at least from a cognitive standpoint and a psychological standpoint, they're really no different than a 17-year-old or a 16-year-old. Can I go back to this void problem? Yes. We're talking about the statute. That's one discussion we've had. We've talked about the trial court's jurisdiction to determine sentencing issues. The appellate court here said it did not have jurisdiction, correct? Correct. And their theory is because the issue was waived, the appellate court did not have jurisdiction? Sometimes, and I sometimes get confused by the same thing I read over and over. Because it does seem to say that. It does seem to say, well, we don't have jurisdiction because it was waived, and it's raised for the first time. What do you think? Do you think the reviewing court has jurisdiction over an issue that's not been preserved? Waiver doesn't go to jurisdiction. I mean, De La Paz recognizes that. It doesn't pertain to the issue of jurisdiction at all. And Tremaine Jones even cited De La Paz for that very proposition. So I guess the short answer is no. They don't have anything to do with each other. And that's certainly one way that the appellate court went awry, because it certainly wasn't a bar, and it shouldn't precluded the appellate court from considering the issue on the merits. So unless the court has any other questions, we just maintain that the appellate court's decision should be reversed. And that should consider this issue on the merits. Thank you. Case number 118151, People of the State of Illinois v. Dennis Thompson, will be taken under advisement as agenda number seven. Mr. Gonzalez and Ms. Collins, thank you for your arguments today. And you will be excused at this time. Thank you.